Good morning. I'm A.J. Cutchins. I'm arguing for the appellant Demetrius Borstad. I might just ask everyone who's arguing to please keep your voices up because we don't have an ideal telephone connection, but we can keep Judge Noonan with us if we all speak right into the microphone and speak loudly. Thank you, Your Honor. I should like to reserve three minutes for rebuttal if it's necessary. All right. May it please the Court. There is a thematic similarity between Mr. Borstad's case and the other cases on today in that, like the other appellants, Mr. Borstad has claimed that the retroactive application of Marcy's law violates the ex post facto clause. But your issue is only whether this is a second or successive petition. That's exactly what I was going to say, Your Honor. That's the only issue before the Court. Well, and let me just ask a quick question. And maybe it's better to hear from the government quickly on this, but I'll leave that up to you. As I understand this case, the second petition in time, because second is a term of art, raised issues that couldn't have been raised in the first one because the first one was filed before Marcy's law became effective. Is that right? Absolutely, Your Honor. The first one was filed in 97, dismissed in 2006. Marcy's law was enacted in 2008. So there was no way for the first petition to challenge the constitutionality of Marcy's law. Since that's a central issue in the case, again, I don't want to control your argument schedule, but I'd love to hear from the government about why they think this is barred. But I leave it up to you. Well, why don't you try that, and then you'll have a lot more time for rebuttal. That's fine with me, Your Honor. The only other thing I'd throw in that perhaps the government wants to address is I think that the question in this case was squarely addressed and answered in Hill v. Alaska, has been reiterated in any number of unpublished decisions, was recently reiterated in Blaine-Rostrow. I don't understand why this case isn't fully controlled by those. With that, I'll cede to the government. Thank you, Your Honor. Please, the Court. David Sonata, Deputy Attorney General, on behalf of Appellee. And I apologize, you're the State, not the government, but please. Your Honor, your question assumes that the Marcy's law claim was pled or pled insufficiently. And our position, Your Honor, is that it was not pled at all. Rule 2C2 of the rules of habeas corpus require that the claim and the facts be stated clearly. As this Court found to do with whether this is a second or a first petition, I mean, wouldn't that be something the district court would take up when the case was presented to it? I'm not sure if I understand your question, Your Honor. Well, let me rephrase it. Let's try it this way. If the Marcy's law claim wasn't pleaded, shouldn't the district court have dismissed whatever claim was pleaded? In other words, if the Marcy's law claim wasn't pleaded, why is it now barred? Well, Your Honor. Surely it couldn't have been pleaded in the first one because it was before Marcy's law became effective. So what you're telling us is that the Marcy's law claim wasn't raised in this one at all? Yes, Your Honor. So can they now go back and file another petition? Or is your view going to be that that was a third petition? Your Honor, assuming that Mr. Borstadt was aggrieved by the application of Marcy's law in the near future, Your Honor, he could file another petition. So why don't we just send this one back to the district court and let the district judge determine whether or not it was sufficiently pleaded? Rule 2, Your Honor, doesn't require that the case be sent back for amendment. It's not the job or the task of the district court to discern or uncover claims that are there. The requirements for a habeas petition are much different than, for example, a civil complaint. And I think that's the example that was used by opposing counsel as an example of the appropriateness of amendment or remand on that. I'm just looking for what the district court's order here. Did the district court dismiss on Rule 2C grounds? I'm sorry, Your Honor? Did the district court dismiss on Rule 2C grounds? No, Your Honor. The district court dismissed it as a successive petition. Yes, Your Honor. So why shouldn't we take the district court at its word? Your Honor, it should. You should. I mean, I'm not sure it makes a difference given what you've just said, but isn't it the easiest thing to do to say whatever other deficiencies Mr. Borstad's petition suffers from, it's not successive to the extent it raises a Marcy's law claim, and let's send it back to the district judge and let the district judge figure out whether or not he believes it sufficiently raises a Marcy's law claim? Your Honor, Rule 2. No, I know what Rule 2C says. You told us. But is there any other reason not to do that? Other than the district court shouldn't. You think the district court was right that it isn't – wait a minute. The district court said it was a second petition. Yes, Your Honor. And you think it's right? Yes, Your Honor. So we would have to say whether the district court was right or not on that point. Yes, Your Honor. And what is the real dispute about the petition and what it says? Why do you say it's not a Marcy's law petition? Your Honor, as this Court found in Jones v. Gomez, there needs to be a relationship between the claim and the facts. In this instance, Your Honor, Mr. Borstadt made reference to no facts that he was aggrieved by Marcy's law. There's no mention of a parole hearing. There's no mention of a deferral period. There's no facts connecting the facts to a Marcy's law claim, other than the fact that the pleading has the words Marcy's law. But doesn't that make it a 12b-6 issue rather than a successive petition issue? In other words, he may have insufficiently pled his claim, and the district judge may well be within the law to dismiss that claim as insufficiently pled. But it's not successive, is it? And that's the basis for the district court's dismissal. Again, Your Honor, our — the view is that it wasn't insufficiently pled, but it wasn't pled at all. And if the claim had not been pled, then the discussion about whether — and according to the district court, if the claim, Marcy's law claim, had not been pled, then all the remaining claims could have been brought in Mr. Bordstadt's habeas petition. Kennedy, I think we've — I think we've narrowed the issue, and maybe we ought to hear the response to that. Thank you. Thank you. Kennedy, counsel, the only issue seems to be here whether the petition you filed should be called a classified, a second, or a successive, because it didn't — it wasn't an attack on Marcy's law. And the counsel, I guess, says he mentioned Marcy's law, but it was incidental to the claim. What's the response to that? The response is that in no fewer than four places in his pleadings, the petitioner was pro se, asserted that Proposition 9, which is Marcy's law, quote, violated Petitioner's constitutional rights protected by the Ex Post Facto Clause and the Sixth Amendment of the United States Constitution. He said that four times. The notion that he did not plead Marcy's law as a constitutional violation is incredible. The — We may not have to go that far. Well, incredible in the sense of it cannot be believed. It's contrary to the plain facts of the record. Well, I think we don't really need any more assistance. All we have to do is look at the pleading and see if we think it's — it pleads to Marcy's law kind. But I want to ask you the question I asked your opponent. It does seem clear to me that the district court thought a claim was raised and was successive. Do you think that's — is that a fair reading of the record? Yes, Your Honor. That's — and I'll add that the district court dismissed it sua sponte. This wasn't the State's idea. Without briefing, without hearing from any party, he just dismissed it as second and successive. One last point. One other claim. There are other claims raised in your client's petition. There are other claims. And you're not appealing the dismissal of those as successive. I believe that under Hill, any of — any of the claims relating specifically to — to parole, the calculation, the denial are — can fairly be brought in a second petition. I believe that that's what Hill says. But certainly, the Marcy's law claims are under no conceivable version, second or successive. A last point, unless the Court has further questions, and I'm quoting now from Hurts and Liebman, who I think are recognized as the experts on this. The advisory committee notes to habeas rule 2, which is what I believe my opponent is hanging his hat on, when read together with rule 4's requirement that a judge promptly examine the petition, show that filers must be promptly notified of obvious deficiencies in their petitions so that they can timely correct them. As Judge Hurwitz very correctly pointed out, the remedy, if there was some lack of specificity in the pleading, is give notice, tell the petitioner that, and allow them to file a sufficient amended pleading. The notion that you don't give a pro se habeas petitioner that option that is given to every civil litigant is, I think, unduly cruel and a distortion of Federal habeas procedure. Is there anything else that I can say that would be illuminating to the Court? I don't have any further questions. I know we've taken you out of order, so if there were more things that the State wanted to say and we cut them off from saying it, I'd – but I think we understand the case. Thank you. Thank you very much.
judges: Reinhardt, Noonan, Hurwitz